**DBA/DELAWARE SYSTEMS CORP.**

v.

**Marc GREENFIELD et al.**

No. 92–537–A.

Supreme Court of Rhode Island.

Feb. 1, 1994.

---

Karen Pelczarski, William Landry, Blish & Cavanagh, Providence, for plaintiff.

Donald D. Page, Patrick Conley, Jr., Lynch & Greenfield, Providence, for defendant.

## OPINION

**PER CURIAM.**

This case came before a hearing panel of this court January 11, 1994, pursuant to an order that had directed the defendants Marc Greenfield and Karl Heise to appear and show cause why their appeal from the entry of summary judgment in favor of the plaintiff, DBA/Delaware Systems Corp., should not be denied and dismissed. The defendants had incurred an obligation to the plaintiff on a promissory note purportedly on behalf of a corporation styled as Graphic Marketing, Inc. It is undisputed that no such corporation existed at the time of the execution of the promissory note. General Laws 1956 (1992 Reenactment) § 7-1.1-136 provides, "All persons who assume to act as a corporation without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof."

We are of the opinion that this statute is determinative of the controversy. The defendants Marc Greenfield and Karl Heise sought to raise the defense of a de facto corporation. Such a defense is precluded by this statute, which was taken from the 1969 Model Business Corporation Act. The section is designed to negate the possibility of asserting the defense of a de facto corporation. Model Business Corporation Act § 146 Comment (1969).

Consequently these defendants, pursuant to statute, became personally liable for the indebtedness that they contracted on behalf of the nonexistent corporation.

Therefore, the defendants' appeal is denied and dismissed. The summary judgment entered in the Superior Court is affirmed.

SHEA, J., did not participate.